J. S. MYERS v. CITY OF CHARLOTTE.

(Filed 4 December, 1907).

**1. Measure of Damages—Negligence—Culverts—Lands, Flooding.**

The measure of damages in an action for recovery thereof, occasioned by the taking of the plaintiff's land and the improper construction of culverts, causing water to pond back on his meadow, is the market value of so much as was taken and the deterioration of the other by flooding.

**2. Same—Evidence, Corroborative.**

In an action to recover damages on account of defendant taking a part of plaintiff's farming land for sewer purposes and negligently damaging the rest, when the plaintiff has testified as to his income from the hay formerly produced thereon, it is competent for experienced farmers who knew the land well, though without personal knowledge of what the land had produced, to testify, in corroboration of the plaintiff, the amount of hay it would probably have produced before and what it would probably produce since the injury complained of.

CIVIL ACTION, tried before *Ferguson, J.,* and a jury, at July Term, 1907, of the Superior Court of MECKLENBURG County, and brought by the plaintiff to recover damages from the defendant on account of the wrongful establishment and maintenance of an elevated sewer over and through his lands.

Judgment for plaintiff. Defendant excepted and appealed.

*R. S. Hutchison* and *Burwell & Cansler* for plaintiff.
*Hugh W. Harris* and *John A. McRae* for defendant.

CLARK, C. J. This is an action for damages to plaintiff's meadow from a sewer built through it, partly above ground, enclosed within a concrete wall and partly under or through

the soil.    There was evidence that, after heavy rains, the cul-
verts under the sewer did not always fully carry off the water,
causing it to pond back on the meadow, to its injury.    Be-
sides, the defendant, in its answer, asked for the condemna-
tion of a strip 40 feet wide for right of way, and assessment
of its value in this action.

There are but two exceptions, both to the admission of evi-
dence.    The plaintiff testified to the market value of the land,
and, as a basis for his opinion, testified, without objection,
what had been his income from it in the value of the hay
produced before the sewer was built.    The defendant ex-
cepted because two other witnesses were permitted to con-
firm plaintiff by giving their opinion, as farmers, as to the
amount of hay the meadow would probably produce.    Though
they had no personal knowledge of what it had actually pro-
duced, they were experienced farmers, knew this meadow well,
and owned land near by.    Their evidence was competent and
was such as a jury would naturally desire to aid them in com-
ing to a just conclusion.    It was such information as an
intending purchaser would always seek.    It is true the meas-
ure of damages is the market value of so much of the land as
was taken, and the deterioration of the rest by flooding.    The
estimate of its yield in hay, for raising which it had been used,
was competent to confirm the plaintiff's estimate of its market
value.    The greater or less acquaintance of the witnesses with
the land went to the weight to be given to their testimony, but
did not render it incompetent.

The second exception is to the admission of the evidence of
two witnesses, also neighboring farmers of experience, as to
what the land would produce in its present condition, since the
sewer was built, this being for the purpose of showing that it
has now no productive capacity and hence no market value.
As the land is used only for agriculture, we do not see how the
defendant is hurt by the witnesses giving, as the basis of their
estimate of market value, the amount of produce the land will

yield in its present condition. The witnesses examined the
land, but had no previous acquaintance with it. They were
experienced farmers, and what weight should be given to their
testimony that the land could not produce crops by reason of
ponding water was a matter for the jury.

The value of land is largely a matter of opinion, derived
from a variety of circumstances, and, when it is agricultural
land, one of the most important is the yield of crops therefrom.
That is a matter upon which farmers acquainted with the
land, or who have examined it, can express an opinion more
or less accurately. This opinion is subject to the test of cross-
examination, and the weight to be given to it is a matter for
the jury. This matter has been recently fully discussed.
*Creighton v. Water Commissioners,* 143 N. C., 171; *Brown
v. Power Company,* 140 N. C., 341.

No Error.