J. A. WADE v. CAROLINA TELEPHONE AND TELEGRAPH
COMPANY.*

(Filed 25 March, 1908).

1. **Measure of Damages—Easements—Evidence.**
    In an action for permanent damages to land, claimed by reason of construction of a telephone line, the measure of damages is the difference in value before and that after the burden was imposed upon it, and, while it were better form to ask witness the value of the land in each event, it is not reversible error to permit him to testify directly to the amount of the damages.

2. **Same—Evidence—Opinion Evidence.**
    While it is essentially a matter of opinion, in an action to recover permanent damages, for witness, who knows the land, to

---

*BROWN, J., did not sit at the hearing of this case.

testify to the value of plaintiff's land upon which defendant has
constructed its telephone line, and the effect upon such value by
improvements upon the one hand or burdens upon the other, it is
not objectionable as "opinion evidence." The jury may give it
such weight as they think it entitled to, in connection with the
intelligence of the witness, his means of observation and all the
other circumstances attending his testimony.

3. **Same—Instructions—Corporations—Easements—Harmless Error.**
   An instruction upon ·the measure of damages, in an action
against defendant corporation to recover permanent damages to
land occasioned by the construction of its telephone lines, that
the jury will consider the value of the "franchise of the com-
pany" is harmless error when it appears that his Honor's mean-
ing was the value of the easement or privilege acquired over
plaintiff's land, and the plaintiff was not prejudiced.

4. **Limitations of Actions—Easements—Highways—Permanent Dam-
   ages.**
   Revisal, sec. 1571, applies to the statute of limitations respecting
defendant's constructing its telephone lines along a highway, and
is not applicable when the action is for permanent damages other-
wise occasioned to the use of plaintiff's land by the construction
of telephone lines.

Action tried before *Jones, J.,* and a jury, at October Term,
1907, of Cumberland.

The plaintiff alleges that the defendant entered upon his
land, dug holes thereon, placed poles and swung wires upon
them over and across the land, and thereby occupied and
appropriated it to its use; that by such entry and appropria-
tion he has sustained damage, by reason of the decreased
value of his land, to the amount of $200. Defendant denies
that it has placed any poles or strung any wires over plaintiff's
land. It admits that, more than three years prior to the be-
ginning of the action, it placed its poles and strung its wires,
or a part of its telephone line, along the public highway, pass-
ing by plaintiff's land. It avers that the poles are so placed
that no injury has been done the public or plaintiff. Defend-
ant relies also upon the statute of limitations. There was
evidence on the part of plaintiff that the poles were on his

land; that he forbade defendant's agents from placing them thereon, and has never consented thereto. Defendant's witnesses testified that the poles were on the side of the highway and not on plaintiff's land. There was evidence tending to show that the road was changed during the year 1905. Plaintiff was permitted to answer, in response to a question, over defendant's objection, that the poles and wires had "decreased the value of his land three or four hundred dollars." Defendant excepted. Other witnesses on behalf of plaintiff were asked the same question and permitted to answer. Defendant excepted to all of this testimony. The estimates of the decrease in value of the land varied, some putting it at $250 and one witness at $400. The defendant's witnesses testified that the poles and wires did not affect the value of the land. At the conclusion of the evidence defendant moved for judgment of nonsuit. Motion denied, and defendant excepted.

The following issues were submitted to the jury:

"What permanent damage has plaintiff sustained by reason of the defendant's appropriation of his land, as described in the complaint?

"Is plaintiff's action barred by the statute of limitations?"

The jury answered the first issue, "One hundred and twenty-five dollars," and, under the instructions of his Honor, answered the second, "No." There were exceptions to the instructions given by the court, which are set out in the opinion.

Judgment for plaintiff. Defendant appealed.

*Cook & Davis* and *Sinclair & Dye* for plaintiff.
*Robinson & Shaw* and *J. C. Clifford* for defendant.

CONNOR, J., after stating the case: The exceptions to the admission of evidence cannot be sustained. The measure of plaintiff's damage is the diminution in the value of the land by the occupation and appropriation of it to the extent of the easement acquired by defendant under its charter in placing

and keeping its poles and wires thereon. The action is not for trespass, in which the damage may be assessed to the time of the trial for the real injury done the land. The plaintiff, treating the defendant's act as an appropriation of his land for the purpose of maintaining its telephone line, sues for the permanent damage sustained by reason of the burden or easement thus imposed upon it. Damage is the difference in the value of the land before and after the burden is imposed upon it, or the decrease in the value by reason of the burden. Defendant recognized this rule of damages by asking the court to so instruct the jury, which was done. The objection to the question and answer is that the witness is permitted to give his opinion of the decrease in value by reason of the burden imposed. While it would have been better form to have asked the witness his opinion respecting the value before the poles were put upon the land and afterwards, we can perceive no substantial difference in this and the question asked. The value of a tract of land and the effect upon such value by improvements on the one hand or burdens on the other is essentially a matter of opinion. It is insisted that "opinion evidence" is not admissible. Thus stated, the proposition is incorrect. To exclude all "opinion evidence" in the trial of cases before the jury, and to require each witness to detail all the facts of which he has knowledge and upon which his opinion is based in regard to the value of a tract of land would be impracticable and useless. There must of necessity, in the transaction of business and other affairs of life, be a large number of matters in regard to which men act upon the opinion of others. The distinction between that class of cases in which opinions may be expressed only by experts or persons having skill and experience and those in which any person having means and opportunity of forming an opinion is well stated in *Clary v. Clary,* 24 N. C., 78. It is said: "Mere opinion as such is not admissible. But when it is shown that the witness has had an opportunity of observing

the character of the person or the handwriting which is sought to be identified, then his judgment or belief, framed upon such observation, is evidence for the consideration of the jury, and it is for them to give to this evidence that weight which the intelligence of the witness, his means of observation and all other circumstances attending his testimony may in their judgment deserve. And why is this but because it is impossible for the witness to specify and detail to the jury all the minute circumstances by which his own judgment was determined, so as to enable them by inference to form their judgment thereon?" The question is discussed and many authorities cited in Greenleaf Ev. (16th Ed.), sec. 441 (g). *Judge Elliot,* in *Yost v. Conroy,* 92 Ind., 464, says: "It is impossible to conceive that juries or courts can justly estimate benefits and damages without the aid of opinions of values from competent witnesses, unless, indeed, it be assumed that courts and juries have knowledge of the values of all kinds of property. If this assumption were just, then no doubt all that would be needed would be an accurate description of the property; but every one knows that in the very great majority of cases neither courts nor juries possess such knowledge as would enable them, unaided by opinions, to affix just values to property.

It is the purpose of evidence to place jurors in possession of such facts as will enable them to award the litigant that which he is justly entitled to recover. In order to justly measure the amount of recovery the jury must, where property rights alone are concerned, know the value of the thing of which the plaintiff is deprived, and whatever evidence tends to place them in possession of this knowledge should be regarded as competent. Opinions from witnesses of integrity and knowledge must always be of service to impartial triers upon such a question. The weight of a witness' opinion depends upon his knowledge, his integrity and the facts which he states as constituting the basis of his judgment. It

is, therefore, not correct to assume that wild or ill-considered opinions will control; on the contrary, the presumption of the law is exactly the reverse. It is to be presumed that only the opinions of honest witnesses, possessed of competent knowledge and assigning sufficient grounds for their judgment, will prevail.

The question which here directly faces us is this: Is it competent to prove the value of land before a ditch is constructed and what its value will be after the construction of the ditch? It cannot be doubted that such evidence tends to assist in determining the question of damages and benefits, nor is there reason for supposing that it is not material. The situation of the land and the location and capacity of the ditch may be described with perfect accuracy, and yet a jury be utterly unable to form a just estimate of the amount of benefits or damages. Of what assistance to a jury composed of clergymen, merchants and bankers would be a description of the minutest accuracy without some estimate of values by competent witnesses? Possibly it would enable such a jury to form a crude conjecture; it could do but little more. In such a case as that supposed the testimony of witnesses possessed of knowledge and honesty, expressing their opinion of the value of the land with and without the ditch, would go very far in assisting the jury to a safe and just conclusion. It is no doubt true that such evidence is subject to some objections, but is there any class of human evidence entirely free from imperfections? If it be subject to objection greater in degree than evidence of facts, is it not true that the objections will lie against opinions of values in every imaginable case? If we would declare the evidence incompetent upon this ground, then we must close the door against the admission of opinions in all classes of actions, for if the objections are valid in the one instance, so they are in all. But they are valid in none."

There is a marked tendency on the part of the courts to

recognize the truth that "rules of evidence are based upon experience and not logic." It is difficult to perceive why testimony which experience has taught is generally found to be safely relied upon by men in their important business affairs outside should be rejected inside the courthouse. *Insurance Co. v. Railroad,* 138 N. C., 42; *Taylor v. Security Co.,* 145 N. C., 383.

His Honor, at the request of defendant, instructed the jury that "The measure of damages which the plaintiff is entitled to recover, if anything, is the difference in market value of his tract of land immediately before and immediately after its appropriation to the uses of the defendant, and in arriving at the amount of such damage the jury should take into consideration any benefits accruing to the plaintiff and any enhancement of the value of his land, if any, by reason of the erection and maintenance of defendant's telephone line upon his land."

And the court, in addition, charged the jury: "In estimating what damage, if any, the plaintiff is entitled to recover the jury will take into consideration that the lines and poles will remain upon plaintiff's land for all time to come; that he cannot build a building or fence upon the land which will in any way interfere with the defendant's use of its line; that he cannot complain of any damages which the defendant may do to crops or fences upon the land, in so far as such damages may be necessary in the operation or repair of its line. You will also take into consideration the value of said franchise to the company and place upon it such reasonable value as you shall find."

Defendant excepted to the last sentence in the instruction, because of the use of the word "franchise." We do not understand, nor do we think that the jury understood, that his Honor used the word with reference to defendant's char-tered privileges. He evidently meant to tell the jury that they should take into consideration the value of the easement

147—15

or privilege acquired by defendant over plaintiff's land. While the charge as given is not happily expressed, we do not think that the defendant could possibly have been prejudiced or that the jury could have been misled in regard to the measure of damages. They gave plaintiff about one-half the amount estimated by his witnesses. His Honor correctly instructed the jury to answer the issue regarding the statute of limitations. Defendant's counsel submitted to the court several instructions based upon the theory that the poles were on the highway and not upon plaintiff's land, thus treating the action as having been brought by plaintiff to recover damages for the additional burden placed upon the highway. The questions which counsel thus proposed to raise, and which were argued by them, are excluded by the verdict. The jury find that the defendant had appropriated plaintiff's land, "as described in the complaint." What plaintiff's rights as against defendant may have been if the poles had been on the highway passing through his land, in the light of the provisions of section 1571, Revisal (*Hodges v. Telegraph Co.,* 33 N. C., 225, and *Phillips v. Telegraph Co.,* 130 N. C., 513), is not presented. Section 1571, Revisal, applies only to the right conferred upon the telephone companies to construct their lines along the highway. An examination of the entire record discloses no reversible error.

No Error.