V. A. WHITFIELD ET AL. v. THE ROWLAND LUMBER COMPANY.

(Filed 23 March, 1910.)

1. **Timber Deeds—Measurement, Time of.**

   The measurements for cutting trees given in a timber deed refer to sizes at the date of the deed, unless other intention is expressed.

2. **Timber Deeds—Sizes, How Measured—Timber—Square Measurement.**

   The measurement for cutting given in a timber deed, as "merchantable timber 12 inches square," means wood measurement exclusive of bark and slabs, for timber is not merchantable until these are removed; and it is error for the court to charge that the contract called for timber with bark edges, as such reduces the diameter of the trees sold.

3. **Timber Deeds—Larger Sizes—Evidence—Harmless Error.**

   Evidence that a number of trees cut under a timber deed calling for a measurement of 12 inches were over 27 inches, though irrelevant, is harmless error.

4. **Timber Deeds—Sizes—"Rings in Wood"—Evidence.**

   Testimony of rings in a section of a tree as indicative of years of growth is admissible, it being a question of fact for the jury under the evidence.

5. **Evidence—Corroborative—Directions to Hands.**

   Testimony of defendants' instructions to hands is admissible when corroborative of competent evidence.

6. **Timber Deeds—Dimensions—Observation—Evidence.**

   It is competent for a witness, speaking from his own observation, to testify as to the size of a tree from outside bark to outside bark, that would square 12 inches at the stump, wood measurement.

7. **Counsel—Improper Remarks—Court's Discretion.**

   It is discretionary with the court as to whether it will correct improper remarks of counsel, made in his speech to the jury, at the time, or in his charge.

8. **Timber Deeds—Wrongful Cutting—Measure of Damages.**

   Damages to the land and undergrowth, etc., by reason of the unlawful cutting and removal of trees cut under the size contracted for in a timber deed are recoverable.

9. **Timber Deeds—Wrongful Cutting—Damages—Burden of Proof.**

   When defendant admits he has cut some trees under the size contracted for in his timber deed, the burden is on plaintiff to show his damages arising on that account.

(DEFENDANT'S APPEAL.)

10. **Timber Deeds—Square Measurement—Diameter of Trees—Evidence.**

As to the diameter of a tree which squares 12 inches, it is a practical question based on experience and observation, and one on which a qualified witness may testify.

11. **Timber Deeds—Wrongful Cutting—Witnesses—Estimate of Damages—Evidence.**

Witnesses having long familiarity with the land and who had examined the stumps, may give their estimate as to damages thereto caused by defendant's cutting under the sizes specified in his timber deed.

12. **Timber Deeds—Experts Upon the Facts—Estimate of Growth.**

Witnesses testifying to the facts and observations upon which they base their opinion, and who are skilled and experienced in timber and mills, may give their opinion as to the rate of growth of pine trees, when this question is involved in the action.

13. **Timber Deeds—Oral Agreement—Contracts—Consideration—Statute of Frauds.**

Testimony as to an alleged oral agreement made subsequent to the execution of a timber deed, two of the parties being absent and minors, is incompetent. If relied on to convey trees cut under contract size, it is without consideration; and, further, it should be in writing unless explanatory of an ambiguity in the written contract.

14. **Timber Deeds—Wrongful Cutting—Measure of Damages.**

In an action for damages for cutting trees under the size specified in a timber deed, their measure, if recovery is had, is the value of the trees unlawfully cut, with incidental damages therefrom to the other growth.

APPEAL from *O. H. Allen, J.,* at August Term, 1909, of SAMPSON.

This action was brought to recover damages for defendant's alleged cutting of trees on the plaintiffs' land under sizes specified in his timber deed.

The facts are sufficiently stated in the opinion, taken with reference to the plaintiffs' exceptions, as follows: (The plaintiffs' exceptions are set out in the original.)

Both sides appealed.

*Faison & Wright, Fowler & Crumpler* for plaintiff.
*H. A. Grady* for defendant.

CLARK, C. J. In September, 1892, the husband of V. A. Whitfield and father of the other plaintiffs conveyed to H. L. Pope, trustee, under whom the defendant claims, "all the mer-

chantable pine timber from 12 inches square at the stump and upwards" on the lands described (with one exception therein stated), giving him 15 years to cut and remove it, and the defendant cut and removed the timber in the spring and summer of 1907. This measurement referred to the date of the deed. *Warren v. Short,* 119 N. C., 42. In 1907 the timber was cut down to 10 and 12 inches in diameter, according to the measurements of a separate committee of plaintiffs and defendant, and the answer admits that some was cut under size. The main controversies were as to the growth of the timber, and the measurement, plaintiffs contending that "merchantable pine timber 12 inches square" meant wood measure, and that the bark-measurement rule of *Hardison v. Lumber Co.,* 136 N. C., 174, does not apply. His Honor held that it did, and from the judgment plaintiffs excepted and appealed.

Exceptions 1, 4, 5, 12 and 14 present this question of measurement. In *Hardison v. Lumber Co.,* 136 N. C., 174 and 175, the Court says "a contract for logs 'squaring' so many inches is an entirely different measurement, for this presupposes the bark, and outer timber except at the four edges, to be cut away." Bark is part of the standing tree to be measured in getting the diameter of a tree or log, but the tree is not merchantable timber until the bark is cut off, and the slabs. The defendant under this deed was entitled only to ton timber that would square 12 inches, September, 1892. The court charged, as a matter of law, excluding all evidence about the matter, that under this contract merchantable timber included the bark, and made the contract provide for timber with bark edges. This was prejudicial, for it reduced the diameter of the trees for which the plaintiff was entitled to recover.

Exception 2 cannot be sustained. In permitting the witness to testify as to the number of trees over 27 inches in diameter the court admitted irrelevant testimony, but it was not prejudicial.

Exception 3, for permitting a witness to count the rings in a section of the tree to show the age of the tree, cannot be sustained. Whether there is one ring for each year's growth is not a matter of law, but of fact, and properly submitted to the jury. Exceptions 7 and 8 as to defendant's instructions to its hands cannot be sustained. It was corroborative. Exceptions 9 and 10, because the witnesses testified as to matters in their observation, cannot be sustained. The evidence was admissible. Its weight was for the jury.

Exception 11. The court did not stop counsel when objection was made during his argument, but corrected the matter in his

charge. This rested in the discretion of the court. *S. v. Hill,* 114 N. C., 783; *S. v. Ussery,* 118 N. C., 1177.

Exceptions 12, 13 and 14, for refusing to give plaintiffs' prayers, and for the charge given in lieu thereof, must be sustained. The defendant was entitled to cut only such trees as, on the date of the contract, would have squared 12 inches at the stump. When timber is squared, the bark is cut off, and therefore not to be counted. The plaintiff was also entitled to recover for any damages, if shown, to the land, undergrowth, etc., by reason of the unlawful cutting and removal of trees under the contract size. *Davis v. Wall,* 142 N. C., 451; *Gaskins v. Davis,* 115 N. C., 85.

While the answer admitted the cutting of some trees under the size specified in the contract, the burden was on the plaintiff to show the number and the amount of damages therefrom.

#### DEFENDANT'S APPEAL.

CLARK, C. J. Exceptions 1, 9 and 10. It was not error to permit the witness to testify that a tree to square 12 inches should be 19 inches in diameter. It is true that a stick of timber 12 inches square will have a diagonal of 17 inches (very nearly), and that this is a matter of mathematical calculation reached by adding together the square of 2 sides (288 inches) and taking its square root, which is almost exactly 17 inches. But in squaring timber all the bark comes off and, besides, few trees are exactly round, so that the question is a practical one based upon experience and observation.

Exceptions 2, 3 and 4 raise the point, whether witnesses might testify to the damage plaintiffs suffered to their land from the cutting of this timber under size by defendants, giving their estimate from a careful knowledge and investigation, and the ruling of his Honor is sustained by *Wade v. Telephone Co.,* 147 N. C., 222; *Myers v. Charlotte,* 146 N. C., 247; *Davenport v. R. R.,* 148 N. C., 294. Both these witnesses had been familiar with the land for twenty years and had made a careful examination and count of stumps, etc., since the cutting, and so testified.

Exceptions 5 and 6 are because witnesses, skilled and experienced in timber and mills, were allowed to give their opinion as to rate of growth of pine trees on this land and land in the neighborhood. This was allowable (*Myers v. Charlotte,* 146 N. C., 247), and falls within the rule that allows the opinion of witnesses when the facts cannot be learned any other way, the witness being required to state the facts and observations upon which his opinion is based.

Exception 7. The court properly excluded testimony of an alleged subsequent oral agreement as to what had been the growth of the timber between the date of the contract and of the cutting. Not only two of plaintiffs were then minors and another was absent, but if this is relied on to release damages for trees cut under the contract size, it was without consideration, and an oral conveyance of an interest in realty. Rev., 976. There was no latent ambiguity here to be explained, as in *Ward v. Gay,* 137 N. C., 397.

Exception 7 is for rejection of the witness's opinion as to the value of the land before and after the timber was cut. The cutting of part of the timber was lawful and the measure of damages is the value of the trees unlawfully cut, with incidental damages therefrom to the other growth.

Exceptions 9, 10 and 11 are to evidence tending to show the age of trees by the number of rings. As already stated above, in plaintiff's appeal, what weight should be given to such evidence was for the jury. The court could not hold it valueless, as a matter of law.

In plaintiff's appeal, error.

In defendant's appeal, no error.