Mrs. JENNIE S. POWELL et al. v. SEABOARD AIR LINE RAILWAY COMPANY, NORFOLK SOUTHERN RAILROAD COMPANY, and the CITY OF RALEIGH.

(Filed 15 October, 1919.)

1. **Municipal Corporations—Cities and Towns—Railroads—Bridges.**

Under its police powers and the statutes applicable, a city government has the right to require railroad companies to construct bridges for streets running over their tracks.

2. **Railroads — Damages — Municipal Corporations — Cities and Towns— Bridges—Abutting Owners—Constitutional Law.**

Where a railroad company is required by a city to substitute a concrete bridge for one that has become rotten and unsafe, across its excavations, in connection with one of its streets, without specification as to its elevation, and accordingly the company has constructed the bridge and its approaches so as to damage the lands of an abutting owner, causing the level of the lot to be below that of the street, etc., by raising the elevation of the bridge to make a higher clearance between it and the tracks for its own benefit, or convenience for the passing of its trains, the company is liable for the damages thus caused though it had acted under plans submitted to the municipal board and approved by it, under the principle that it may not take, under its charter, the lands of private persons or damage them, without just compensation. *Semble*, the company would also be liable if the city had specified the height of the bridge as built.

3. **Appeal and Error—Evidence—Instructions—Issues—Prejudicial Error— Harmless Error—Statutes.**

The result of the trial of a cause will not be disturbed unless it is reasonably made to appear that prejudicial error has been committed to the injury of the appellant, and where objection is made that the charge of the court did not fully or sufficiently state and apply the law to the evidence as required by Rev., sec. 535, and the issue was one largely of fact with the pertinent testimony very restricted in its nature, and the charge as a whole was correct, with the burden of proof properly placed, a new trial, in the absence of prejudice to the appellant, or where the jury could not have been misled, will not be awarded.

4. **Evidence—Damages—Railroads—Bridges—Abutting Owner—Subsequent Conditions—Expert Evidence—Opinions.**

Where the defendant railroad company is liable for damages to the land of an abutting owner of lands in erecting a bridge on a city street over its tracks, such damages is the difference in the value of the property caused by the elevation of the grade, and more properly at the time of the completion of the structure, but testimony of those qualified by extended experience, and in regard to conditions of this permanent character, and in the absence of testimony showing appreciable change of conditions, is competent when their testimony is based upon their observation some two years afterwards.

5. Evidence—Damages—Railroads—Bridges—Abutting Owner.

Where, in the building of a bridge across a street over its track, a railroad company has damaged the lot of an abutting owner by elevating the street in front thereof, plaintiff's testimony is competent evidence, and certainly not to the defendant's prejudice, as to the cost of filling in and restoring the lot, and elevating the building thereon, when the court has confined the jury, in their ascertainment of the damages to be awarded, to an amount within that of the depreciation of the market value.

6. Evidence — Damages—Railroads—Bridges—Assessed Valuation—Appeal and Error—Harmless Error.

The valuation of the board of assessors for taxation is not evidence of the value thereof in the owner's action to recover of a railroad company damages thereto in building a bridge on its adjoining right of way; nor is it competent for the defendant to show that the plaintiff's predecessor in title appeared before the board to resist such valuation as being excessive.

7. Instructions — Damages—Railroads—Common Benefits—Separate Benefits—Evidence.

In this case it is held that the judge properly charged the jury on the question of excluding damage or benefit common to the community at large in the building of a bridge by the defendant railroad company, and, under the evidence, as to excluding the damage by reason of benefits or advantages peculiar to the property.

CLARK, C. J., did not sit.

ACTION tried before *Allen, J.,* and a jury, at Special Term, 1919, of WAKE.

The action is to recover damages alleged to have been caused to the lands of plaintiff, a house and lot, in Raleigh, N. C., by the construction of a concrete bridge on Hillsboro Street, in said city, over the tracks of the railroad companies, raising the approaches to said bridge, to the injury of plaintiff's lot abutting on the street.

During the progress of the cause a nonsuit was entered as to the Norfolk Southern Railroad Company and the City of Raleigh, and the issues were determined as between plaintiffs, owners of the lot, and the Seaboard Air Line Railway Company, liability being resisted chiefly on the ground that the bridge in question had been constructed by the railroad pursuant to an ordinance and requirement of the Raleigh city government.

On issues submitted, the jury rendered the following verdict:

1. Are the parties whose names are set forth in the amended complaint the owners of the property alleged to have been damaged? Answer: "Yes."

2. Are T. C. Powell and R. H. Merritt the duly appointed and qualified executors of the will of Jennie S. Powell, as alleged in the complaint? A. "Yes."

3. Are the parties named in the amended complaint the devisees in the will of Jennie S. Powell, as alleged?   A. "Yes."

4. Was the defendant Seaboard Air Line Railway Company required by the City of Raleigh to construct a bridge over its tracks on Hillsboro Street?   A. "Yes."

5. Did the defendant Seaboard Air Line Railway Company construct the bridge according to plans approved by the board of aldermen of the City of Raleigh?   A. "Yes."

6. Did the Seaboard Air Line Railway Company, in constructing the bridge over its tracks on Hillsboro Street, of its own accord, increase or cause to be increased the grade of said street abutting upon the land described in the complaint?   A. "Yes."

7. Did the defendant Seaboard Air Line Railway Company, in building said bridge, increase or cause to be increased the grade of said street for the benefit of said Seaboard Air Line Railway Company?   A. "Yes."

8. Was the land (house and lot) described in the complaint damaged by reason of the building of said bridge and the alleged increase in the grade of the street in front of said land, as alleged in the complaint? A. "Yes."

9. If so, what damages did plaintiffs sustain as a consequence thereof? A. "Three thousand dollars ($3,000)."

Judgment on the verdict for plaintiff and defendant appealed, assigning errors.

*Jones & Bailey for plaintiffs.*
*Murray Allen for defendant S. A. L. Railway Company.*

HOKE, J.   The right of the city government, both under its police powers and the several statutes applicable to require railroads to construct bridges along streets running over their tracks, is fully established in this jurisdiction and is recognized in well-considered cases elsewhere. *R. R. v. Goldsboro,* 155 N. C., 356; *S. v. City of Minneapolis,* 98 Mich., 380; *Cleveland v. City of Augusta,* 102 Ga., 233; *R. R. v. Nunn,* 208 U. S., 583; 3 Elliott on Railroads (2d Ed.), sec. 1092; Rev., secs. 2569-2700, etc.   And there is high authority for the position that when such a bridge has been constructed pursuant to the city's requirement, and the bridge itself or the necessary and proper approaches thereto "invade the proprietary rights of an abutting owner, causing material injury to the same, recovery may be had by such owner against the company," this for the reason, among others, that the railroad acquires and holds its right to pass under public streets subject to all reasonable orders of this kind.   And when they are obeyed and the structure is completed or while it is being built the undertaking is con-

sidered as being in the exercise of its chartered rights and duties, and so becomes the act of the company for which it may be properly held accountable. *Burritt v. R. R.,* 42 Conn., 174; *English, Treas. v. R. R.,* 32 Conn., 240; *Baltimore and Ohio R. R. v. Kane and Wife,* 124 Md., 231.

In this connection it may be well to note that under the law prevailing in this State an invasion of this kind, when wrongfully made, constitutes a taking within the meaning and application of the principles of eminent domain and cannot be lawfully insisted upon except on compensation duly made to the owner. *Caveness v. R. R.,* 172 N. C., 305.

While we are disposed to approve the position above stated, it is not necessary for appellees to rely upon it in order to sustain the recovery had by them in this instance, as the jury under a charge free from reversible error have determined that the raising of the grade of the Hillsboro bridge was done by the company of its own motion and for its own benefit. See verdict on sixth and seventh issues. A perusal of the record will show that because the old wooden bridge had become "rotten and unsafe" the city ordinance required the company to substitute a steel or concrete bridge without specifications as to any elevation of grade, and that while the plans were approved by the city, the elevation which worked the injury complained of was done, as stated, for its own benefit, there being facts in evidence permitting such inference, and that it was done for the reason that the company thereby procured a greater clearance from the top of the tracks to the bottom floor of the bridge, and rendering the operation of their trains less liable to accidents and injuries; the evidence on part of plaintiff being that the additional clearance amounted to as much as 2 feet and 7 inches. And where this is true, that is, where the road has constructed the bridge so as to cause injury to an abutting owner of its own motion or for its own benefit, all of the authorities so far as examined concur in the ruling that the company may be held liable, notwithstanding it has acted under plans submitted to the municipal board and approved by them. *Bennett v. R. R.,* 170 N. C., 389; *Brown v. Electric Co.,* 138 N. C., 534; *White v. R. R.,* 113 N. C., 610; *Midland Co. v. Williams,* 92 Ala., 277; *Thrader v. Cleveland and City Ry.,* 242 Ill., 227; reported also with an instructive note in 26 L. R. A. (N. S.), 226. In this last publication the general principle referred to is stated in the first headnote, as follows:

"1. A railroad company is, under a constitutional provision requiring payment of damages for property injured for public use, liable for injury to property abutting on the street, by the construction of a viaduct, under authority of the municipality to carry a street over its tracks which intersect it, if the work is done for its benefit, to enable it to lay its tracks through the municipality."

While it is fully recognized here and elsewhere that a municipal corporation may alter and change the grade of an established highway in their discretion, and ordinarily without making further compensation to abutting owners (*Wood v. Land Co.,* 165 N. C., 367, and authorities cited), this right and immunity only exists for the public benefit and may not be used or sanctioned by contract or ordinance of the municipality in favor of a private or public service corporation controlled by private owners and creating additional burdens to the injury of abutting owners, except on compensation duly made.

Thus it was held, in the well-considered case of *Bennett v. R. R.,* "That the right conferred upon a municipality to grade its streets without liability to abutting owners, within the proper exercise of discretionary power, is for the public benefit and cannot be transferred to a railroad company to do so for the furtherance of its own business." And in *Brown v. Electric Co., supra,* it was held that:

"1. The right acquired by a city by condemnation of a street and sidewalk is confined to the public necessity and to the uses for which property is taken or burdened with the easement, and for any additional burden placed upon the servient tenement compensation must be made.

"2. The power of the city to confer upon the defendants a franchise to lay their tracks, erect their poles, and string their wires along the streets or sidewalks cannot affect the right of abutting owners to demand compensation for any additional burden placed upon their property."

The verdict, therefore, having established, as stated, that this elevation of the bridge, rendering necessary an elevation in the approaching street, was done by defendant company of its own motion and for its own advantage, it is liable for the damages thereby caused to abutting owners, notwithstanding the plans for the bridge were approved by the governing authorities of the city, and the defendant's motion for nonsuit has therefore been properly disallowed.

It was objected to the charge on the seventh issue that the same does not state and apply the law to the evidence with sufficient fullness and was no proper compliance with sec. 535 of the Revisal, appertaining to the instructions of the trial court to juries, but considering his Honor's charge on this issue as an entirety, we do not think it is justly open to the objection. The issue referred to was very largely one of fact with the pertinent testimony very restricted in its nature, and the court, after stating the position of the parties concerning the issue and the evidence, putting the burden on the plaintiff, left it to them to determine the question involved. No jury could have been misled or failed to apprehend fully the significance of the issue and the evidence relevant to its proper determination, and assuredly there is no case presented

for reversible error. This cause, requiring much time and work, has been fully and carefully tried with the assistance of competent, alert and diligent counsel on both sides. The determinative issues have been fairly. decided, and the results of the hearing should not be disturbed unless it is reasonably made to appear that the appellant's defense has been in some way prejudiced by substantial error.

In a well-considered case at the last term, *Brewer v. Ring,* 177 N. C., 476, opinion by *Associate Justice Walker,* it was said: "Courts do not lightly grant reversals, or set aside verdicts, upon grounds which show the alleged error to be harmless or where the appellant could have sustained no injury from it. There should be at least something like a practical treatment of the motion to reverse, and it should not be granted except to subserve the real ends of substantial justice. Hilliard on New Trials (2d Ed.), secs. 1 to 7."

Appellant also insisted on several exceptions to the rulings of the court as to the reception of evidence on the issue as to damages.

1. That D. F. Fort, V. O. Parker and perhaps one or two others, were allowed to give their opinion as to the difference in the value of the property caused by changes of grade in the approach to the bridge, their opinion being predicated on examination of the property and conditions attending the change three years before the trial, i. e., 1916, when the time of the estimate should have been when the bridge was completed, to wit, in 1914. Undoubtedly the time when this estimate of damages should be made is the difference in value of the property caused by the elevation of grade and more properly at the time when the structure was completed, and the court so instructed the jury. But conceding that the bridge was completed in 1914, as defendant contends, though this does not very satisfactorily appear, under permanent physical conditions of the kind presented here and in the absence of any definite testimony showing, meantime, a substantial change in values, we think that the opinion of these witnesses, qualified by extended experience and from personal examination of the property in 1916, is relevant on the question of value and was properly admitted. *Myers v. Charlotte,* 146 N. C., 246; *Creighton v. Water Co.,* 143 N. C., 171; *Blevin v. Cotton Mills,* 150 N. C., 493.

2. That evidence was received over defendant's objection as to how much it would cost to restore the lot by jacking up the house and hauling in earth to restore the same to its former relative grade. This was admitted by his Honor as a relevant circumstance on the question of injury to market value and in so far as it tended to provide a reasonable method of relief. His Honor, however, was careful to tell the jury that this was not the measure of damages, and should in no event be

considered or allowed for, so as to enhance the damages and make them greater than the depreciation of market value. So restricted, the testimony was properly allowed. 10 R. C. L., pp. 175-176, title, Eminent Domain, sec. 152. As a matter of fact, both the evidence and the ruling thereon had a natural tendency to moderate the damages and could not have worked harm to defendant's position on the issue.

3. That the court excluded the circumstance that where the official board of valuation had assessed property at a higher rating after the alleged injury, the then owner, ancestor in title of the present plaintiff, appeared before them and endeavored to have same reduced.

So far as the action of the board of assessors was concerned it has been generally ruled irrelevant on the question of valuation. *Hamilton v. R. R.,* 150 N. C., 193. And as to the action of plaintiff's predecessor in title, his action as indicated tended to favor his own position on the issue, and its exclusion could in no sense be held to have prejudiced defendant's case.

His Honor's instructions as to the exclusion of damages and benefits common to the community at large is in general accord with our decisions on the subject, and we concur in his view that there are no facts in evidence which called for or permitted a reduction by reason of benefits or advantages peculiar to the property. *Phifer v. Comrs.,* 157 N. C., 150; *Bost v. Cabarrus County,* 152 N. C., 531.

On careful consideration of the record and the many exceptions, we are of opinion that no reversible error has been shown, and the judgment of the Superior Court must be affirmed.

No error.