This was a civil action for the recovery of the value of a motor car. Plaintiff alleged that while the care was under mortgage, he placed the same with defendants for the purpose of having it repaired. There was a dispute between the parties as to the amount and correctness of the repair bill. Plaintiff instituted ancillary proceedings in claim and delivery, gave bond; defendants replevied and, after due advertisement, sold the car under C.S. 2435.
The jury returned the following verdict:
"1. Is the plaintiff the owner and entitled to the possession of the car, as alleged in the complaint? Answer: `Yes.'
"2. What is the value of said car? Answer: `800.'
"3. What amount is plaintiff indebted to defendants for repairs on car? Answer: `$150.'
"4. Was the car bid in by Smith for the defendants when sold? Answer: `Yes.'"
Judgment on the verdict for plaintiff, and the defendants appealed.
The exceptions chiefly relied on by defendants are those relating to the admission of evidence tending to show the value of the *Page 170 
car at the time of its seizure under claim and delivery in July, 1921.
The car had been in the defendants' shop for repairs. Plaintiff (162) stated that it was worth $1,000. M. A. Lambert, witness for the plaintiff, testified that on 1 March, 1921, he had occasion to examine the car, and at that time he valued it at $900 or $1,000, and made a loan to the plaintiff, taking a mortgage on the car for $600 as security. Defendants contend that this evidence should have been excluded because the plaintiff's testimony relates to no particular time, and the witness Lambert could speak only of its value four months prior to its seizure. The jury found the value of the car to be $800.
The exception to the plaintiff's evidence cannot be sustained because it does not appear that he was speaking of the value of the car at any time other than the time in question, to wit, the date of seizure. Appellants must show error, and they must make it appear plainly, as the presumption is against them. In re Ross, 182 N.C. 478.
As a general rule, the value of property taken or destroyed is to be determined as of the time and place of its taking or destruction. Hart v.R. R., 144 N.C. 91. But it has been held with us that proof of its value within a reasonable time before or after its conversion or destruction is competent as bearing upon its value at the time alleged. Wyatt v. R. R.,156 N.C. 315; Grand v. Hathaway, 118 Mo. App. 604; 34 Cyc. 1505; 8 R. C. L. 489. What is a reasonable time, within the meaning of this rule, would seem to depend upon the circumstances of each particular case and the character of the property in question. Page v. Fowler, 39 Cal. 426.
In the instant case we think the testimony of the witness Lambert was properly admitted. What he said in regard to making a loan and taking a mortgage on the car as security therefor was admitted only in corroboration of his evidence tending to fix the value of the car at that time.
The other exceptions require no discussion. The judgment will be upheld.
No error.
Cited: DeLaney v. Henderson-Gilmer, 192 N.C. 652; Greene v. Bechtel,193 N.C. 99; Ayden v. Lancaster, 197 N.C. 561; Hicks v. Love, 201 N.C. 777;Hwy. Com. v. Hartley, 218 N.C. 440; Crouse v. Vernon, 232 N.C. 33;Implement Co. v. McLamb, 252 N.C. 764. *Page 171