## WEYERHAEUSER COMPANY v. CAROLINA POWER & LIGHT COMPANY

(Filed 10 October 1962.)

**1. Easements § 8; Contracts § 12—**

A deed conveying an easement constitutes a contract to be construed according to the general rules governing the construction of contracts in ascertaining the intent of the parties as to the extent of the easement conveyed.

**2. Same—**

In construing the extent of an easement conveyed by deed, the primary purpose is to ascertain the intention of the parties at the time of the execution of the instrument as gathered from its language read contextually and not in detached portions, considered in the light of the purposes sought to be accomplished, the subject matter of the contract, and the situation of the parties.

**3. Same—**

Where the language of an easement deed is unambiguous, effect must be given to its terms taken in their plain, ordinary and popular sense, and the court may not, under the guise of construction, reject language inserted by the parties, or insert language which the parties elected to omit, or grant relief merely because the contract is a hard one.

**4. Same— Deed held to convey right to cut such trees outside of easement which endangered transmission line.**

The easement deed in question, in consideration of a stipulated sum, conveyed a one hundred foot right-of-way for a transmission line and

provided that the grantee should have the right to cut trees and under-growth on the right-of-way and to cut trees outside the right-of-way which in falling might endanger the transmission line. *Held:* Under the terms of the instrument the grantee is entitled to cut trees outside the right-of-way which endanger the line without paying additional compensation therefor, and further, the grant of such right is a continuing one and cannot be construed as limited to those trees which endangered the transmission line at the time the instrument was executed.

**5. Same—**

While a contract against public policy, or a contract which involves a violation of statutory provisions in its performance, is void, the law favors the acquisition by public service companies of necessary rights-of-way by agreement rather than by condemnation, and therefore provision in an easement contract that the grantee should have the right to cut trees outside the right-of-way when such trees endanger the transmission line is valid, there being no public policy that the grantee in the continuing exercise of such easement should pay for trees endangering its line as such trees are cut. G.S. 40-8, G.S. 40-11.

**6. Easements § 8; Contracts § 4—**

Where an easement deed provides a legal consideration for the right-of-way acquired, which easement includes a continuing right to cut trees outside of the right-of-way which endanger the transmission line, the fact that the consideration may be inadequate to the continuing exercise of such right does not render the instrument void, since whether the consideration is adequate to the promise is generally immaterial in the absence of fraud.

APPEAL by plaintiff from *Mintz, J.,* April 1962 Term of PENDER.

This is a controversy without action (G.S. 1-250) for construction of a provision of a grant of easement.

From an adverse judgment, plaintiff appeals.

*Norman, Rodman & Hutchins for plaintiff.*
*A. Y. Arledge and Charles F. Rouse for defendant.*

MOORE, J. In 1941 Finley McMillan, for a recited consideration of $1,000, granted to the Tide Water Power Company "a right-of-way and easement, one hundred (100) feet in width, upon, over and across" a large tract of timber land situate in Pender County, "for the purpose of constructing, operating and maintaining one electric transmission line . . . the said right-of-way to extend fifty (50) feet on each side of the center line thereof . . . ." The grant further provides: "The party of the second part shall have the right to make such changes, alterations and substitutions in said line of structure, from time to time, as to it may seem advisable or expedient. And the right is further granted to the party of the second part, its successors and

assigns, to keep said right-of-way and easement clear of all structures and undergrowth for the full width thereof and to cut away and keep clear of said line and wires all trees or other obstructions that might in any way endanger the proper operation of the same, including all trees off the right-of-way which in falling might endanger the line."

Plaintiff is presently the owner of the land burdened with the easement. Defendant has succeeded to the rights granted to Tide Water Power Company. Defendant has been and now is engaged in cutting from the timber land in question trees standing outside the 100-foot right-of-way "which in falling might endanger the line."

Plaintiff "concedes that the defendant is authorized by the terms of said easement deed to cut" such trees, but "plaintiff contends that it is entitled to receive payment for the value of the trees so cut and to be cut and has made demand upon the defendant therefor." Defendant has refused the demand.

It is stipulated by the parties that the only question for decision is: "In the exercise of its right to cut trees outside of the 100-foot right-of-way, pursuant to the easement deed . . . , is the defendant liable to the plaintiff for the value of such trees as and when cut?"

The cause came on to be heard before Judge Mintz who answered the stipulated question in the negative and adjudged that plaintiff recover nothing. Plaintiff excepted and appealed.

An easement is an interest in land, and is generally created by deed. *Borders v. Yarbrough,* 237 N.C. 540, 542, 75 S.E. 2d 541. An easement deed, such as the one in the case at bar, is, of course, a contract. The controlling purpose of the court in construing a contract is to ascertain the intention of the parties as of the time the contract was made, and to do this consideration must be given to the purpose to be accomplished, the subject-matter of the contract, and the situation of the parties. *DeBruhl v. Highway Commission,* 245 N.C. 139, 145, 95 S.E. 2d 553. The intention of the parties is to be gathered from the entire instrument and not from detached portions. *Electric Supply Co. v. Burgess,* 223 N.C. 97, 100, 25 S.E. 2d 390. An excerpt from a contract must be interpreted in context with the rest of the agreement. *R.R. v. R.R.,* 236 N.C. 247, 251, 72 S.E. 2d 604. When the language of a contract is clear and unambiguous, effect must be given to its terms, and the court, under the guise of constructions, cannot reject what the parties inserted or insert what the parties elected to omit. *Indemnity Co. v. Hood,* 226 N.C. 706, 710, 40 S.E. 2d 198. It is the province of the courts to construe and not to make contracts for the parties. *Williamson v. Miller,* 231 N.C. 722, 727, 58 S.E. 2d 743; *Green v. Insurance Co.,* 233 N.C. 321, 327, 64 S.E. 2d 162. The terms of an unambiguous contract are to be taken and understood in their

plain, ordinary and popular sense. *Bailey v. Insurance Co.*, 222 N.C. 716, 722, 24 S.E. 2d 614. A court cannot grant relief from a contract merely because it is a hard one. *Durant v. Powell*, 215 N.C. 628, 633, 2 S.E. 2d 884. Applying these principles in the construction of the contract in the instant case, we conclude that the court below placed the proper interpretation upon its terms and the judgment below should be affirmed.

Plaintiff contends that the contract is divisible, the "danger tree" clause is only incidental to the primary grant of the right-of-way, and that the parties did not intend that the recited consideration should compensate for cutting trees outside the right-of-way. Plaintiff points out that the main granting clause, following the recital of consideration, deals only with the grant of a 100-foot right-of-way, and that the later clause granting the right to cut "danger trees" does not use such language as "in further consideration. . . ." It is argued that the parties contemplated the payment of damages for cutting trees outside the right-of-way when the cutting is done. We do not agree with plaintiff's interpretation of the contract. Plaintiff stipulates that by virtue of the easement deed defendant "is authorized to cut the trees standing outside of the . . . right-of-way 'which in falling might endanger the line.' " There is no contention that the recited consideration is not sufficient to support this right. There is no suggestion that defendant has done or proposes to do anything more than to exercise the right. The easement deed does not vest in defendant title to the felled trees, and there is no contention that it does. The trees are the property of plaintiff and are subject to its disposal. Indeed, plaintiff may anticipate cutting by defendant and fell, remove and dispose of the trees at a time and in a manner which will best serve plaintiff's advantage. In the absence of an express agreement that defendant must pay the value of such trees when cut, we cannot insert such provision in the deed and thereby contract for the parties. Considering the deed as a whole, it appears that the parties intended that there should be no trees, structures or obstructions along the transmission line which would endanger it. Plaintiff does not contend that defendant should compensate separately for the cutting of trees and undergrowth *on* the right-of-way. Yet the authority to cut these is contained in the same clause which permits cutting of "danger trees" outside the right-of-way. If one part of the clause is within the primary objective of the grant and supported by the recited consideration, so is the remainder of the clause. The contract is entire and indivisible. It contemplates and provides for no further payment of consideration for the rights granted. The mere right-of-way for an electric transmission line

would be of little value without the right to maintain and protect the line. The parties so understood, and contracted accordingly.

Plaintiff further contends that, at most, the parties intended and contracted that the recited consideration should cover only the cutting outside the right-of-way of the "danger trees" which were in existence at the time the contract was made, and not such trees as might endanger the line in the future. By way of analogy, plaintiff cites and discusses *Whitfield v. Lumber Co.*, 152 N.C. 211, 67 S.E. 512. That case involves a timber deed whereby plaintiff conveyed to defendant pine trees (on certain lands) which measured "from 12 inches square at the stump upwards." A period of fifteen years was granted for cutting and removing the trees. In the fifteenth year defendant cut and removed all trees which *then* conformed to the specified measurement. The Court, in construing the timber deed, held that the measurement referred to the date of the deed and not the date of cutting, and that the parties were contracting with respect to the trees which were of the specified measurement at the time the contract was made. However, *Whitfield* is no authority for plaintiff's position here. The language of the easement deed settles the contention. Defendant is granted the right "to cut and *keep clear* of said line" the danger trees. The expression "keep clear," when taken in its natural and ordinary sense, imports a continuing future right.

Plaintiff also contends that the portion of the easement deed which provides for the cutting of "danger trees" outside the right-of-way, without providing for separate, additional and continuing compensation therefor, is against public policy and void. It relies on G.S. 40-8 and *Power Co. v. Wissler*, 160 N.C. 269, 76 S.E. 267. G.S. 40-8 provides that a corporation "entitled to exercise eminent domain may, at any time, enter on . . . any lands (adjacent to its property or right-of-way), and cut, dig, and take therefrom any wood . . ." for the purpose of constructing, operating, repairing, enlarging or altering its works. In the *Wissler* case the Power Company undertook by condemnation to acquire the right to cut "danger trees" outside its right-of-way. The Power Company had theretofore acquired its right-of-way by condemnation. The Court held that by virtue of Revisal, s. 2576 (now G.S. 40-8) the power of condemnation was not confined to a right-of-way, delimited by surface boundaries, and that the Power Company "should be allowed to condemn the right to cut these trees, paying for this right and privilege, as in other cases, *the value of the trees cut and the damage done to the land* . . . ." Plaintiff asserts that the quoted excerpt from the opinion declares a public policy which requires payment of the value of "danger trees," *when cut*. It is true that agreements, the performance of which violates statutory pro-

visions relating to the subject, are against public policy, and agreements against public policy are void. *Cauble v. Trexler,* 227 N.C. 307, 42 S.E. 2d 77. But the *Wissler* case decides and declares only that the right to cut the trees, not having been acquired when the right-of-way was condemned, and not having been paid for in the first proceeding, could not in the subsequent proceeding be taken without compensation. Plaintiff construes the language, as to compensation, to mean that payment shall be made when cutting is done and damage is inflicted. While not necessary to decision here, the better construction is that compensation is to be presently made in a lump sum under the established rule for measuring damages in condemnation proceedings. In the *Wissler* case the right-of-way and the right to cut trees could have been condemned in one proceeding. Had the parties been willing to contract with respect thereto, these rights could have been acquired by easement deed upon such consideration as was agreeable. The agreement in the instant case violates no public policy, statutory or otherwise. It is only when the parties cannot agree that condemnation proceedings may be instituted. G.S. 40-11, *Proctor v. Highway Commission,* 230 N.C. 687, 691, 55 S.E. 2d 479. The law favors the settlement of these matters by contract rather than through litigation. In the instant case McMillan agreed to burden his land for a consideration agreeable to him. Plaintiff acquired the land with full notice of the burden, and it is to be supposed that this burden was taken into consideration in determining the price to be paid by plaintiff for the land.

Plaintiff's final contention seems to be that the consideration was inadequate, that there will be almost continuous cutting of trees along an extensive segment of the right-of-way, and defendant is authorized to alter its "line of structure" and may thereby increase the burden. But as we stated above, when parties have dealt at arms length and contracted, the Court cannot relieve one of them because the contract has proven to be a hard one. Whether or not the consideration is adequate to the promise, is generally immaterial in the absence of fraud. *Young v. Highway Commission,* 190 N.C. 52, 57, 128 S.E. 401. Furthermore, plaintiff is in no position to question the adequacy of consideration.

The judgment below is

Affirmed.