·WILSON REDEVELOPMENT COMMISSION, PETITIONER v. BEST STEWART AND MARJORIE FULCHER STEWART, RESPONDENTS

No. 687SC432

(Filed 18 December 1968)

1. **Eminent Domain § 6—** **evidence of value — cross-examination as to other property values for impeachment purposes**

    Where a witness for respondent in a condemnation proceeding brought by a municipal redevelopment commission testified as to the value of other property which he deemed comparable and on which he had relied in appraising the property in question, the court properly allowed petitioner to cross-examine the witness about those parcels and about the price paid by the witness himself for certain other property for the purpose of testing the witness' knowledge of values and for the purpose of impeachment; furthermore, respondent waived objection to the admission of the testimony by allowing evidence of similar import to be admitted without objection.

2. **Eminent Domain § 6—** **evidence of appraised value at time prior to taking**

    Whether evidence of the appraised value of the property at sometime prior to the taking is admissible to show fair market value at the time

of the taking depends on whether, under all the circumstances, that appraisal fairly points to the value of the property at the time of the taking.

**3. Eminent Domain § 6— evidence of appraised value at time prior to taking**

In condemnation proceedings instituted by a municipal redevelopment commission, the court properly admitted expert testimony of the value of the property based upon appraisals made some eighteen months before the taking and an appraisal made more than three years before the taking where the evidence indicated there was no material change in the value of the property between the appraisals and the taking.

**4. Eminent Domain § 7— instructions as to consideration of appraisal at time prior to taking**

In condemnation proceedings in which evidence was presented of the value of the property based upon appraisals made eighteen months and more than three years before the taking, the failure of the court to instruct the jury that they "should give the appraisals either no consideration or substantial consideration, depending upon what conditions they found had influenced the value of the property during the intervening period, if any" is not error where neither party offered evidence of material change in conditions affecting the value of the property after the appraisals, the jury was instructed that it was the sole judge of the credibility of the testimony, and no request for the desired instructions was made.

APPEAL by respondents from *Parker, J.,* at the 3 June 1968 Session of WILSON Superior Court.

Petitioner filed its petition for condemnation on 21 December 1966, alleging that it was a duly organized and constituted redevelopment commission under Article 37 of Chapter 160 of the North Carolina General Statutes, that the Planning Board of the City of Wilson had certified an area of the city to be a blighted area in need of redevelopment, and that the public welfare, health and safety required that respondents' property in this area be taken and the slum conditions be abolished according to a plan by which they would not recur. Petitioner further alleged that the parties had been unable to agree on reasonable compensation for the taking and prayed for appointment of commissioners to appraise the property.

Respondents answered, denying the authority of the condemnor and praying for adequate compensation.

The clerk appointed commissioners who viewed the property and appraised it at $37,500. From a judgment of the clerk providing that the respondents recover this amount, respondents took exception and appealed to the superior court for a trial *de novo* on the issue of damages.

The testimony varied considerably in opinions as to value of the property. Petitioner's witnesses testified to values of $29,556 and $30,375. Respondents' witnesses testified to values of from $57,000 to $60,818.

The issue was submitted to the jury, and judgment was entered on their verdict in the amount of $38,000. Respondents appealed to this court, assigning errors in the admission of evidence and in the charge.

*Lucas, Rand, Rose, Meyer & Jones by David S. Orcutt for petitioner appellee.*

*Carr & Gibbons by L. H. Gibbons and Farris & Thomas by Robert A. Farris for respondent appellants.*

BRITT, J.

[1] The first assignment of error is stated thusly: Did the trial court err in overruling the objection to testimony brought out on cross-examination of respondents' witness regarding sales which petitioner deemed to be comparable to the property condemned without first making a preliminary finding that the sales were, in fact, comparable?

The respondents' witness testified to the value of certain property which he deemed comparable and on which he had relied in appraising the property in question. Thereafter, on cross-examination, the witness was questioned about these parcels and was then asked about the price paid by the witness himself for certain other property. Over respondents' objection, he was required to answer.

The view of our Supreme Court on this question was well expressed in the case of *Barnes v. Highway Commission*, 250 N.C. 378, 109 S.E. 2d 219, as follows: "It would seem that the utmost freedom of cross-examination with reference to sales and sales prices in the vicinity should be accorded the landowner, subject to the right and duty of the presiding judge to exercise his sound discretion in controlling the nature and scope of the cross-examination in the interest of justice and in confining the testimony within the rules of competency, relevancy and materiality." It follows that the condemnor should be accorded similar freedom. The *Barnes* case also sets out the prevailing view that sales prices of nearby property are admissible on cross-examination to test the witness' knowledge of values and for the purposes of impeachment. The *Barnes* decision was followed in *Templeton v. Highway Commission*, 254 N.C. 337,

118 S.E. 2d 918. See also the case of *Bennett v. R. R.*, 170 N.C. 389, 87 S.E. 133; Stansbury, N. C. Evidence 2d, § 100, p. 234.

The more desirable manner of framing the question was set out in *Carver v. Lykes*, 262 N.C. 345, 137 S.E. 2d 139, where the court also noted, as is true in the case before us, that the appellant had waived his objection by allowing evidence of similar import to be admitted without objection. The assignment of error is overruled.

[3]    Appellants assign as error the admission of expert testimony of the value of the property based upon appraisals made some eighteen months before the taking and an appraisal made three years and four months before the taking.

On these assignments of error, respondents contend that the testimony of petitioner's witnesses Hackney, Chesson and Taylor should have been excluded, because it was on its face too remote in point of time to have any probative value and because there was no evidence before the court to show what relationship, if any, the value of the property at the time of the appraisals in July 1965 and August 1963 had to its value in December 1966, the date of taking,

In *Highway Com. v. Hartley*, 218 N.C. 438, 11 S.E. 2d 314, in an opinion written by Stacy, C.J., we find the following:

> "In determining the fair market value of property taken in condemnation, it is generally regarded as competent to show the value of the property within a reasonable time before and/or after the taking as bearing upon its value at the time of the appropriation. *Ayden v. Lancaster*, 197 N.C. 556, 150 S.E. 40; *DeLaney v. Henderson-Gilmer Co.*, 192 N.C. 647, 135 S.E. 791; *Wyatt v. R. R.*, 156 N.C. 307, 72 S.E. 383; *Grant v. Hathaway*, 118 Mo. App. 604; 8 R.C.L., 489. The rule is necessarily one of variableness in the time limits, depending upon the nature of the property, its location and surrounding circumstances, and whether the evidence offered fairly points to its value at the time in question. *Newsom v. Cothrane*, 185 N.C. 161, 116 S.E. 415; *Powell v. R. R.*, 178 N.C. 243, 100 S.E., 424; *Myers v. Charlotte*, 146 N.C., 246, 59 S.E., 674; *Wade v. Tel. Co.*, 147 N.C., 219, 60 S.E., 987."

[2]    The rule allowing evidence of value at times before or after the taking is analogous to the rule which allows evidence of the purchase price paid for property sometime prior to the date of taking. The admissibility of such evidence and its probative value is not dependent solely on the time elapsed but on the similarity of conditions at the time of the appraisal or sale and at the time of the

taking. *Redevelopment Commission v. Hinkle,* 260 N.C. 423, 132 S.E. 2d 761. In determining whether evidence of the value at sometime prior to the taking is admissible to show fair market value at the time of the taking, the inquiry is whether under all the circumstances that appraisal fairly points to the value of the property at the time of the taking. *Shopping Center v. Highway Commission,* 265 N.C. 209, 143 S.E. 2d 244; *Redevelopment Commission v. Hinkle, supra.*

Not only is the record in the instant case void of evidence of any change in the subject property which would have made evidence of value eighteen months — or even forty months — before the taking completely invalid and without probative force to aid the jury in determining fair market value at the date of taking, but, to the contrary, the evidence indicated there had been no substantial changes. Witness Hackney testified that he viewed the property practically every month between July 1965 and December 1966 and that there was no substantial change in value. Petitioner's witness George Morris testified that he visited the area of the subject property several times weekly from 1962 until December 1966, on which occasions he viewed the subject property, and that there was no material change in value during that period.

[3] Considering all the evidence, we hold that the challenged testimony was not too remote in point of time, and the assignments of error relating thereto are overruled.

[4] Finally, respondents contend that the charge of the court failed to comply with G.S. 1-180 in that the judge failed to instruct the jury that they "should give the appraisals either no consideration or substantial consideration, depending upon what conditions they found had influenced the value of the property during the intervening period, if any."

There was no evidence offered by either party tending to show material change in conditions affecting the value of the property during the intervals in question, therefore, it is difficult to conceive of prejudice resulting from this omission. Moreover, it is not error to fail to instruct on a point not presented by the evidence. 7 Strong, N. C. Index 2d, Trials, § 33, p. 331.

The record shows no request for the desired instructions, and though it would not have been error for these instructions to have been given, *Highway Commission v. Coggins,* 262 N.C. 25, 136 S.E. 2d 265, the charge, when considered as a whole, was in compliance with G.S. 1-180. The judge noted the times when the appraisals were

taken and the amount of subsequent contact the witnesses had had with the property. Later, he charged the jury that they were authorized to believe all, none, or part of what any witness said, the jury being the sole judge of the credibility of the testimony. This was mentioned a second time in the charge, in the course of instructing on the burden of proof. There is no reason to believe that the jury was misled or misinformed. The assignment of error relating to the charge is overruled.

No error.

BROCK and PARKER, JJ., concur.