JOHN W. LAMBETH v. CITY OF THOMASVILLE.

(Filed 14 April, 1920.)

1. **Appeal and Error—Cities and Towns—Ultra Vires—Ordinary Powers.**

   Where the question of *ultra vires* is not raised by assignment of error or brief in an action against a city upon the contract with regard to its streets, sewers, etc., it will be assumed on appeal that the defendant is vested with the usual authority to construct such work within its limits, and to contract with regard to it.

2. **Cities and Towns—Contracts—Water—Sewerage—Streets—Sidewalks —Evidence—Questions for Jury—Nonsuit—Trials.**

   A city entered into a contract authorized by ordinance, with the owner of lands, surveyed into lots and to be thus sold at public outcry, that in consideration of the cities receiving certain of these lots for a public use, and the right of way over other of the lands for a street extension, and for laying sewer and water connection, and also for a monetary consideration, it would extend its sewer and water mains, for the use of the purchasers of the lots proposed to be sold, and having acquired the lot and the land for street purposes, the city failed to put in the sewer and water mains, though repeatedly urged by the owner, until after the contemplated sale. In an action by the owner for damages against the city for breach of the contract upon the ground that the lots would have brought a greater price with the improvements: *Held*, evidence of this character was sufficient, and a motion for judgment as of nonsuit was properly denied.

3. **Same—Damages.**

   Where there is evidence that by a breach of its contract to put in water and sewer main connection for the benefit of purchasers of lands laid off and to be sold into lots, a city had caused damage to the owner by the failure of the lots to bring the prices they would otherwise have brought,

the amount of damages recoverable, upon competent evidence, is the difference between the market value of the land without the water main and sewer connection and what would have been the actual market value at the time of the sale, with the water and sewer connections, and does not fall within the rule that speculative profits are not recoverable.

**4. Same—Opinion Evidence—Approximate Loss.**

Where the plaintiff may recover as damages to land for breach by defendants of its contract, the difference between the market values affected by the breach, such values may be proven by opinion evidence of witnesses properly qualified to speak from experience and observation, with reasonable certainty, though the plaintiff can give his loss only approximately.

**5. Contracts—Performance—Reasonable Time—Cities and Towns.**

Where a city has damaged the plaintiff's land by breach of its contract in delaying to put in sewer and water mains, thus causing the plaintiff loss in a public sale of lots therein laid off, and the mayor of the city, during the sale, had stated the city would comply with its contract with which, afterwards, it did comply: *Held*, there being no time limit stated in which the city should do this work, the contract implies that it should be done in a reasonable time, in which should be considered the situation of the parties, the subject-matter of the contract, and all the circumstances attending its performance.

**6. Same—Questions of Law—Instructions—Appeal and Error.**

While the question of reasonable time for the performance of a contract wherein the time therefor is not specified is ordinarily a question of law, in this case it was properly left to the jury under a correct charge, which the jury could not have failed to understand.

CIVIL ACTION, tried before *Bryson, J.,* at November Term, 1919, of DAVIDSON.

The action is brought for a breach of the following contract entered into between the plaintiff and the defendant on 26 March, 1917:

"Upon motion of M. H. Stone, seconded by T. A. Finch, it is ordained by the city council of the city of Thomasville, in regular session, 26 March, 1919, that the propositions of Mr. J. W. Lambeth submitted at this meeting be adopted and accepted. The propositions are as follows, viz.:

"First. In consideration of a conveyance from said J. W. Lambeth of sufficient land to the city of Thomasville to lay out, open, construct, and extend Taylor Avenue through and across the property of said J. W. Lambeth known as "Fair View" in the most direct line to School Avenue, at that point where the said School Avenue crossed Hamby's Creek, the city of Thomasville proposes and agrees to lay out, construct, and run a four (4) inch water main from Main Street down said Taylor Avenue to Ridgecrest Street, placing a hydrant or water plug at the corner of Taylor Avenue and Montilieu Street, and one at the corner of

Taylor Avenue (as it is extended) and Ridge Crest Street. The city of Thomasville also proposes and agrees to extend the city sewer line from the outlet near Hamby's Creek along and up said Taylor Avenue, as it is extended, to the corner of Montilieu Street and Taylor Avenue.

"Second. In consideration of J. W. Lambeth conveying to the city of Thomasville lot No. 1, as is shown on the plat of Fair View property, and paying to the city of Thomasville treasurer the sum of one hundred and twenty-five dollars, the city of Thomasville proposes and agrees to extend both the water and sewer lines of the city of Thomasville, from the corner of Montilieu Street and Taylor Avenue up and along Montilieu Street to the corner of Fifth Avenue and Montilieu Street, and place a hydrant or fire plug at said corner."

The following issues were submitted:

"1. Did the plaintiff and defendant enter into the contract, as alleged in the complaint? Answer: 'Yes.'

"2. Did defendant fail to perform said contract? Answer: 'Yes.'

"3. What damages, if any, is plaintiff entitled to recover? Answer: '$1,000.'"

Defendant appealed.

*H. R. Kyser, Phillips & Bower and Raper & Raper for plaintiff.*
*B. B. Vinson, J. F. Spruill and J. R. McCrary for defendant.*

BROWN, J. The power of the defendant to enter into the contract sued upon does not seem to be denied, at least it is not raised by any assignment of error or discussed in the defendant's brief. The term *ultra vires* is used to designate the acts of corporations beyond the scope of their powers as defined by their charters or acts of incorporation. Such lack of power upon the part of the defendant is not pleaded, and the charter of the defendant is not in the record. We therefore assume that the defendant is vested with the usual authority given to cities and towns to lay out streets and to construct sewers and water mains and other municipal conveniences and necessities within the corporate limits of the city. Assuming that the defendant city has the usual corporate authority generally accorded to municipalities, we conclude that the defendant had power to enter into the contract sued on.

The evidence tends to prove that plaintiff owned a tract of land in the city near its center and adjoining the graded school grounds.

He had plat of same made, subdividing into about forty-two lots, laying off streets.

He applied to the board of aldermen to have water lines and sewer lines placed along the streets of the property, so that the purchasers of the lots might have access to those necessities.

The city desired to acquire one of the lots of plaintiff for enlargement of its school grounds, and desired to extend one of the city streets across plaintiff's lands, and to take sufficient lands for the extended street.

Whereupon, the contract set out above was entered into between the plaintiff and the defendant on 26 March, 1917.

Under the terms of the contract, the city acquired by deed, which was afterwards executed, the lot it desired, and the land for the extension of the street it sought, and for a sidewalk along same, and immediately took possession of the lot, and opened up the street through plaintiff's land.

The evidence shows that the defendant failed to carry out its contract until after the action was brought, and after the sale of the lands hereinafter mentioned. The plaintiff made repeated demands on defendant to comply with the contract, and filed its claim for damage in writing for breach of it.

In September, 1918, after repeated notice to defendants, plaintiff offered his lots for sale at public auction, and sold them.

The damage sought is the loss sustained on account of defendant's failure to carry out and perform the contract, alleging that the lots would have sold for a much greater price, if defendant had performed its contract.

The damage sought is the loss sustained on account of defendant's failure to carry out and perform the contract, alleging that the lots would have sold for a much greater price if defendant had performed its contract.

The defendant does not deny the contract, but seeks to excuse itself for failure to comply, on account of war conditions, and also contends that it did put in water and sewer lines, after the sale by the plaintiff. Defendant also contends that at time of sale a load of sewer pipe was scattered around on the ground, and after about six lots had been sold, the mayor announced at sale that the city was under contract to put in water and sewer.

We are of opinion that under the above evidence the motion to nonsuit was properly overruled.

Upon the question of damages, his Honor charged the jury: "As a basis for this damage, the court charges you that it would be the difference which the plaintiff has satisfied you by the greater weight or preponderance of the evidence, as between the actual market value of the land without the water main and sewer connection and hydrant, and what would have been the actual market value of the land with the water main, sewer pipes, and hydrant installed, the burden being upon the plaintiff to satisfy you by the greater weight and preponderance of the evidence of these facts and circumstances."

We think the rule of damages laid down by his Honor is correct. It is not a question of recovery of speculative profits which cannot be measured by any rule of reasonable certainty. The value of the land may always be proven by opinion evidence properly qualified, and the difference between its value without the sewerage and the water, and with it may also be proven by the opinion of those witnesses who are qualified to speak from experience and observation. Absolute certainty is not required, but the amount of the loss must be shown with some reasonable certainty. Substantial damages may be recovered, though plaintiff can give his loss only approximately. Sutherland on Damages (4 ed.), sec. 70, secs. 867-870. The opinion of witnesses who have opportunity to know, and have by such opportunities qualified themselves to testify, has always been received as to values and damages. *Wyatt v. R. R.*, 156 N. C., 307; *Whitfield v. Lumber Co.*, 152 N. C., 211; *Davenport v. R. R.*, 148 N. C., 287; *Wade v. Tel. Co.*, 147 N. C., 219; *Wilkinson v. Dunbar*, 149 N. C., 20; *R. R. v. Church*, 104 N. C., 525.

The contention of the defendant that at the time of the sale there was a load of sewer pipe on the ground, and that the mayor announced after six lots had been sold that the city was under contract to put in water and sewerage, was put to the jury very clearly by the learned judge in these words:

"The plaintiff contends that the promise of the mayor was not received by the people there assembled and taken as if the work had actually been done. The plaintiff contends that this matter had dragged along from time to time for many months. The plaintiff contends that at least 18 months had elapsed from the time that the contract was made up until the present, and that it was apparent for any one to see that no effort was made to complete the contract, and that there was nothing there to assure that the statement of the mayor and promise would be carried out except a wagon load of tiling that was scattered about on different parts of the grounds, and the plaintiff contends that these facts were obvious."

The fact that there was no time limit fixed in the contract within which the water and sewerage was to be put in the street does not prevent a recovery. In such contracts it is well settled that if the party fails in the performance of it within a reasonable time, recovery of damages for breach may be had. In Ruling Case Law the rule is laid down "that a reasonable time for performance is implied in a contract which expresses no time for performance." 6 R. C. L., p. 896. What is a reasonable time within which an act is to be performed when a contract is silent upon the subject must depend on the situation of the parties and the subject-matter of the contract, and it is proper to consider all the circumstances attending the performance, together with the circum-

stances surrounding the parties at the time. While the question of reasonable time is generally one of law, yet under the circumstances of this case we think the judge very properly left it to the jury. The charge in this case is very full and lucid, and presented the whole case to the jury so clearly that they could not fail to understand the issues submitted to them.

Affirmed.