DURHAM COUNTY, PLAINTIFF v. LYNN E. GRAHAM AND FELICIA LENNON GRAHAM, DEFENDANTS

No. COA07-1158

(Filed 5 August 2008)

**1. Appeal and Error— appealability—request for injunction dismissed—no further pending action**

Plaintiff's appeal was not interlocutory where plaintiff's request for a mandatory injunction was dismissed for failure to join necessary parties and there was no longer any action pending.

**2. Parties— necessary—current owner of landfill**

The current owner of land was a necessary party to a county's action to obtain a mandatory injunction requiring the former landowners who had engaged in land-disturbing activity to restore the land, but the city was not a necessary party, and neither were the lien holders. Even though a zoning permit would be required to comply with the injunction, the city claims no interest in the property and is not at present necessary to determine the outcome between the parties. Augmentation of the land does not affect any rights that the lien holders may have in the subject property.

**3. Injunctions— findings—failure to join necessary party**

The trial court did not err by allegedly requiring evidence of defendants' ability to comply with an injunction; it did not in fact make that finding. The finding of which plaintiff complains was not an independent ground for dismissing the action, but was in support of the conclusion that plaintiff had not joined the necessary parties.

Appeal by plaintiff from an order entered 11 December 2006 by Judge Robert H. Hobgood and judgment entered 9 March 2007 by Judge Donald Stephens in Durham County Superior Court. Heard in the Court of Appeals 5 March 2008.

*Office of the County Attorney, by Durham County Attorney S. C. Kitchen for plaintiff-appellant.*

*Roberti, Wittenberg, Lauffer, & Wicker, P.A., by Samuel Roberti, for defendant-appellees.*

HUNTER, Judge.

Durham County ("plaintiff") appeals from the trial court's order dismissing without prejudice its prayer for mandatory injunctive relief against Lynn E. Graham and Felicia Lennon Graham ("defendants") on 9 March 2007. After careful consideration, we affirm in part and reverse in part.

On 27 August 2004, defendants obtained approval from plaintiff for a Land Disturbing Permit for property they owned—allowing defendants to use part of the property as a landfill. The permitted land disturbance required the disturbed area to be less than one acre, and the fill was to be kept out of the flood plain. On 31 March 2005, plaintiff issued to defendants a notice that they had disturbed land beyond one acre, including part of the flood plain. Additionally, plaintiff cited defendants as being in violation of local ordinances for failure to retain sediment on the site, lack of vegetative ground cover, and disturbing land in an area where vegetative ground cover could not be established due to steep slopes. Based on the alleged violations, plaintiff sought an injunction under N.C. Gen. Stat. § 113A-64.1 (2007), which entitles local governments responsible for the administration of local erosion and sedimentation control programs to require a person who engaged in land-disturbing activity to restore the waters and land where they failed to retain sediment.

Defendants took the position that they did not cause the excess disturbance or arrange for it. Instead, defendants asserted in their answer that they had abided by the permit and had not disturbed the land by more than one acre. According to defendants, others were dumping illegally on the property and defendants had called the police on multiple occasions to stop the unauthorized land disturbance of the property.

In acquiring the permit, defendants represented that they owned all of the land in question. However, defendants owned only a half interest in the land. Robert T. Perry and his wife, Willoree L. Perry, owned the other half interest. In 2006, Mr. Travis Bumpers took full ownership of the property, subject to a deed of trust, which was in foreclosure status. The property was thereafter deeded to U.S. Capital Inc., the lender and highest bidder at the foreclosure sale. At the time of the trial court's judgment, U.S. Capital was the owner of the property.

Plaintiff presents two issues for this Court's review: (1) whether the trial court erred in dismissing its motion for mandatory injunctive

relief for failure to join necessary parties; and (2) whether the trial court erred in dismissing its motion for mandatory injunctive relief for failure to present evidence of defendants' ability to comply with the injunction.

When a trial court sits as the finder of fact, its findings of fact will be binding on this Court when they are supported by competent evidence. *Shear v. Stevens Building Co.*, 107 N.C. App. 154, 160, 418 S.E.2d 841, 845 (1992). The trial court's conclusions of law are reviewed *de novo. Id.*

[1] Before turning to the merits of plaintiff's arguments, defendants first argue that this appeal is interlocutory and therefore cannot be heard. "An order or judgment is merely interlocutory if it does not determine the issues but directs some further proceeding preliminary to final decree." *Greene v. Laboratories, Inc.*, 254 N.C. 680, 693, 120 S.E.2d 82, 91 (1961). In the instant case, plaintiff's request for a mandatory injunction was dismissed for the failure to join necessary parties; there is no longer any action pending. *See id.* (explaining an interlocutory order as one that "is subject to change by the court during the pendency of the action"). While we are aware that in some contexts rulings on mandatory joinder of parties may be interlocutory, those cases did not involve the dismissal of an action. *See, e.g., N.C. Dep't of Transp. v. Stagecoach Village*, 360 N.C. 46, 47-48, 619 S.E.2d 495, 496 (2005) (an order joining necessary parties where the action was not dismissed was an interlocutory order); *Nello L. Teer Co. v. Jones Bros., Inc.*, 182 N.C. App. 300, 305, 641 S.E.2d 832, 837 (2007) (order denying joinder of parties is interlocutory). Here, because the trial court had issued its final decree on the issue, plaintiff's appeal is not interlocutory in nature.

I.

[2] Plaintiff first argues that the trial court committed reversible error in dismissing its motion for a mandatory injunction on the grounds that plaintiff had failed to join necessary parties. We disagree in part and agree in part.

Under N.C.R. Civ. P. 19, a party or parties must be joined where the non-party or parties are "united in interest" with either the plaintiff(s) or the defendant(s). N.C. Gen. Stat. § 1A-1, Rule 19 (2007). In this case, defendants asserted that plaintiff had failed to join necessary defendants before a judgment on a mandatory injunction could be granted. Failure to join a necessary party results in the judgment

being null and void. *Rice v. Randolph,* 96 N.C. App. 112, 113, 384 S.E.2d 295, 297 (1989). The trial court agreed, and in dismissing plaintiff's motion, ruled that the following parties were necessary: (1) the City of Durham; (2) the current property owners; and (3) all lien holders. Thus, we must determine whether any of the above-named parties were "united in interest" with defendants.

"A person is 'united in interest' with another party when that person's presence is necessary in order for the court to determine the claim before it without prejudicing the rights of a party before it or the rights of others not before the court." *Ludwig v. Hart,* 40 N.C. App. 188, 190, 252 S.E.2d 270, 272 (1979). In arguing that none of the above-named parties are necessary, plaintiff notes that it has independent statutory authority to require defendants to take affirmative action to fix any excess disturbances they may have caused. Specifically, the statute states that: "The . . . local government that administers a local erosion and sedimentation control program approved under G.S. 113A-60 may require *a person who engaged in a land-disturbing activity* . . . to restore the waters and land affected by the failure[.]" N.C. Gen. Stat. § 113A-64.1 (emphasis added).

Under the clear language of the statute, plaintiff was authorized to assert the mandatory injunction against defendants as they, according to plaintiff's complaint, were the persons authorized and responsible for the land-disturbing activity. Accordingly, under the statute, the relief plaintiff was seeking did not require the inclusion of any other party besides defendants. That, however, does not end our inquiry.

" 'The term "necessary parties" embraces all persons *who have or claim material interests in the subject matter* of a controversy, which interests will be directly affected by an adjudication of the controversy.' " *Wall v. Sneed,* 13 N.C. App. 719, 724, 187 S.E.2d 454, 457 (1972) (emphasis added) (citation omitted in original). In the instant case, it is undisputed that the subject matter of the controversy is the land in question. Our Supreme Court has held that "[a]n adjudication that extinguishes property rights without giving the property owner an opportunity to be heard cannot yield a 'valid judgment[]' " and required the non-party property owner to be joined. *Karner v. Roy White Flowers, Inc.,* 351 N.C. 433, 440, 527 S.E.2d 40, 44 (2000). Here, were the current property owner not joined as a party, his right to determine the legal use of his property would be abrogated. Thus, the current property owner, U.S. Capital, whose land could be substantially altered were the mandatory injunction to be enforced, has an

interest (the property) that would be directly affected by the adjudication of the controversy. *See Upchurch v. Upchurch*, 122 N.C. App. 172, 176, 468 S.E.2d 61, 63-64 (1996) (holding that a third party holding legal title to property is a necessary party in an action for equitable distribution); *Page v. Bald Head Ass'n*, 170 N.C. App. 151, 154, 611 S.E.2d 463, 465 (2005) (holding that all property owners affected by a residential use permit are necessary parties). We therefore conclude that the current property owner of the land in question is a necessary party.

We do not, however, find the City of Durham to be a necessary party. Were the mandatory injunction to be granted, defendants would have to petition the City of Durham for a zoning grant to comply with the trial court's order, but even if the City were to deny such a petition, defendants could then come back before the trial court and argue an inability to comply. *See In re T. J. Parker*, 177 N.C. 463, 468, 99 S.E. 342, 344 (1919) (inability to comply with a court order excuses non-compliance). In other words, the City of Durham claims no interest in the property. They might later become an interested party, were the trial court to grant plaintiff's injunction, but at present, they are not necessary to determine the outcome between the parties.

Additionally, we do not find the lien holders to be necessary parties in the current action. Even during a suit of foreclosure, lien holders are not necessary parties. *Davis v. Insurance Company*, 197 N.C. 617, 621, 150 S.E. 120, 122 (1929). We fail to see how the augmentation of land affects any rights that they may have in the subject property.

The trial court's ruling as to this issue is therefore affirmed in part and reversed in part.

II.

[3] Plaintiff next argues that the trial court committed reversible error in requiring evidence of defendants' ability to comply with an injunction. We disagree.

The trial court made only a finding of fact that defendants would be unable to comply with the order. That finding of fact was made to support its conclusion of law, that the trial court could not compel the current owner of the property, without being joined, to allow defendants onto the property to repair any damage. This is not, as plaintiff has characterized it, an independent ground on

which the trial court dismissed plaintiff's action without prejudice. Instead, the trial court dismissed plaintiff's action for failure to join necessary parties. Accordingly, plaintiff's assignments of error as to this issue are rejected.

Affirmed in part; reversed in part.

Judges ELMORE and STROUD concur.