Nelson v. Alliance Hospitality Management, LLC, 2012 NCBC 39.

| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| | SUPERIOR COURT DIVISION |
| COUNTY OF WAKE | 11 CVS 3217 |

KENNETH E. NELSON       )
                            )
       v.                   )
                            )     **ORDER ON MOTION FOR JOINDER and**
ALLIANCE HOSPITALITY     )      **MOTION IN THE ALTERNATIVE TO**
MANAGEMENT, LLC, a Georgia  )   **DISMISS UNDER N.C.R. Civ. P. 12(b)(7)**
limited liability company, ROLF  )
A. TWEETEN, and AXIS        )
HOSPITALITY, INC., an Illinois  )
corporation.                  )

{1} THIS MATTER is before the court on Kenneth E. Nelson's Motion for Joinder and Motion in the Alternative to Dismiss Under N.C.R. Civ. P. 12(b)(7) ("Motion"). For the reasons stated below, the Motion is DENIED.

> *Meynardie & Nanney, PLLC by Joseph H. Nanney and Moore & Van Allen PLLC by William E. Freeman and Michael J. Byrne for Plaintiff-Counterclaim-Defendant Kenneth E. Nelson.*

> *Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P. by Michael W. Mitchell and Jackson W. Moore, Jr. and Leader, Bulso & Nolan, PLC by Eugene N. Bulso, Jr.,* pro hac vice, *for Defendants-Counterclaim-Plaintiffs Alliance Hospitality Management, LLC, Rolf A. Tweeten, and Defendant Axis Hospitality, Inc.*

Gale, Judge.

## I. INTRODUCTION

{2} This case arises out of Plaintiff-Counterclaim-Defendant Kenneth E. Nelson's ("Nelson") employment with and ownership interest in Defendant-Counterclaim-Plaintiff Alliance Hospitality Management, LLC ("Alliance"). Nelson signed an Admission Document with Defendant-Counterclaim-Plaintiff Rolf A. Tweeten ("Tweeten") pursuant to which Nelson asserts that he was granted ten (10)

"units" representing a sixteen and four-tenths percent (16.4%) ownership interest in Alliance. Nelson asks for a declaratory judgment to that effect. Defendants counterclaim, *inter alia*, for a declaratory judgment that the Admission Document grants Nelson no more than a ten percent (10%) ownership interest in Alliance. Alternatively, Alliance and Tweeten counterclaim for reformation of the Admission Document to reflect the true intent of the parties that Nelson would own no more than a ten percent (10%) ownership interest in Alliance.

{3} Defendant Axis Hospitality, Inc. ("Axis") first filed but then voluntarily dismissed the same counterclaims. Nelson subsequently filed his Motion seeking to join Axis as a necessary party to the five counterclaims or alternatively that they be dismissed. During briefing, Nelson for the first time further argued that Axis is the real party in interest for four of the counterclaims.

{4} For reasons discussed below, Nelson's Motion is DENIED.


## II. PROCEDURAL HISTORY

{5} Nelson filed his Complaint in Wake County Superior Court on February 25, 2011 and his Amended Complaint on June 1, 2011. Each includes claims for breach of fiduciary duty, dissolution, constructive fraud, declaratory judgment, and breach of contract/wrongful termination. Defendants filed their Answer and Counterclaim on February 28, 2011 and their Second Amended Counterclaim on July 11, 2011. Each asserts claims for declaratory judgment, reformation, negligent misrepresentation, constructive fraud, breach of fiduciary duty, and injunctive relief. The court dismissed Nelson's breach of contract/wrongful termination claim by Order dated November 22, 2011.

{6} On February 15, 2012, Axis dismissed its counterclaims without prejudice, leaving Alliance and Tweeten as the only Counterclaimants.

{7} On April 26, 2012, Nelson filed the Motion seeking to rejoin Axis to the counterclaims or alternatively to dismiss them. On June 1, 2012, Nelson filed his Reply Brief in Support of Joinder Motion. arguing for the first time that Axis should be joined as the real party in interest.

{8} The Motion has been fully briefed and is ripe for disposition.

## III. FACTS

{9} The court's Order on Motion to Dismiss dated November 22, 2011 provides a factual context for the Motion. The court does not make findings of fact in connection with and has not been required to resolve any contested fact in ruling upon the Motion.   Facts have been construed in Nelson's favor without being bound to legal conclusions to be drawn from those facts.

## IV. ANALYSIS

### A. Nelson's Motion for Joinder

{10} N.C. R. Civ. P. 18 ("Rule 18") allows for joinder of claims, and N.C. R. Civ. P. 19 ("Rule 19") provides for the joinder of necessary parties. "A party is a necessary party to an action when he is so vitally interested in the controversy involved in the action that a valid judgment cannot be rendered in the action completely and finally determining the controversy without his presence as a party." *Long v. City of Charlotte*, 306 N.C. 187, 212, 293 S.E.2d 101, 117 (1982). "Necessary" parties for which joinder is compulsory may be distinguished from "proper" parties which in the court's discretion may but are not required to be joined. *See Id.*

### 1. Axis as a Present Party to the Lawsuit

{11} The court must determine whether Rule 19 compels a person who is already a plaintiff or defendant on other claims in the lawsuit to be joined to the other claims or counterclaims of that lawsuit.

{12} Plaintiff cites no case, and the court has found none, in which a North Carolina court has compelled a party already present in a lawsuit to join additional claims or counterclaims. To date, North Carolina courts have applied compulsory joinder in cases where the person sought to be joined was absent from the case. *See,*

*e.g., N.C. Monroe Constr. Co. v. Guilford Cnty. Bd. of Educ.,* 278 N.C. 633, 180 S.E.2d 818 (1971) (requiring an absent party to a contract to be joined as a party to a suit seeking declaration that the contract was invalid); *Durham Cnty. v. Graham,* 191 N.C. App. 600, 663 S.E.2d 467 (2008) (requiring absent current property owner to join as a party where his right to determine his legal use of the property could be abrogated).

{13} The comments to Rule 18 suggest that a party's joinder is only required to the lawsuit, not to additional claims or counterclaims.

> *Compulsory Joinder.* – Going to the problem of minimum allowable size (compulsory joinder), the Commission found that the underlying policy consideration here has traditionally been to insure that all "necessary" or "indispensable" parties should be involved in a *lawsuit* before it proceeds to trial, or certainly before it proceeds to judgment.

N.C. R. Civ. P. 18 cmt. (second emphasis added). Once a party is present as a plaintiff or defendant in a lawsuit, that party is no longer absent, can sufficiently protect his interests, and cannot claim prejudice from claims adjudicated without his participation.

{14} Nelson also cites N.C.G.S. § 1-260 which states, in pertinent part, that "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceedings." N.C. Gen. Stat. § 1-260 (1931).

{15} This statute guards against prejudice to those affected by a judgment without being afforded an opportunity to participate in proceedings leading to that judgment. While the statute contemplates that all interested parties shall be before the court, it does not require a present party to be joined to individual claims or counterclaims. Because Axis is already a party to the proceedings, § 1-260 does not support Nelson's Motion.

{16} In sum, when a party is already a party to the lawsuit, Rule 19 does not compel the party to join other claims or counterclaims.

## 2. The Declaratory Judgment and Reformation Counterclaims

{17} Nelson contends that Axis is a necessary party to the declaratory judgment and reformation counterclaims. (Br. in Supp. of Pl.'s Mot. for Joinder and Mot. in the Alternative to Dismiss under N.C.R. Civ. P. 12(b)(7) at 6). ("Pl.'s Supp. Br.") However, even assuming Axis is a necessary party to those counterclaims, for the same reasons discussed above, Rule 19 compulsory joinder is inapplicable because Axis is already present as a party.

## 3. The Negligent Misrepresentation, Constructive Fraud, and Breach of Fiduciary Duties Counterclaims

{18} Nelson claims that Axis is a necessary party to the final three counterclaims because, while those counterclaims "only seek monetary damages, the Second Amended Counterclaim could arguably be construed . . . such that these counts also seek a judicial determination of the extent of Nelson's interest in Alliance." (Pl.'s Supp. Br. at 7.)

{19} Axis might have a separable claim for monetary damages and it might be a proper party to present that claim in this litigation, but it is not a necessary party to the other Defendants' damages claims. The court will not exercise its discretion to join Axis as a proper party.

{20} Alternatively, even assuming Axis is a necessary or proper party, for reasons stated above, Rule 19 compulsory joinder is inapplicable to the final three counterclaims because Axis is already present as a party.

## B. Nelson's Alternative Argument that Axis Is the Real Party in Interest

{21} Nelson's reply brief argues, for the first time, that Axis is the real party in interest for the four counterclaims other than the counterclaim for breach of

fiduciary duties. The court must first determine whether this issue is properly before it.

{22} As a general rule, defenses not stated in a claim must be made by motion. *See* N.C. R. Civ. P. 12(b), but Nelson has made no such motion. But the issue was disclosed in the briefs, so the court has considered it. Where "a fatal defect of the parties is disclosed, the court should refuse to deal with the merits of the case until the absent parties are brought into the action, and in the absence of a proper motion by a competent person, the defect should be corrected by *ex mero motu* ruling of the court." *Booker v. Everhart*, 294 N.C. 146, 158, 240 S.E.2d 360, 367 (1978) (citing *Underwood v. Stafford*, 270 N.C. 700, 155 S.E.2d 211 (1967)).

{23} N.C. R. Civ. P. 17 ("Rule 17") requires claims to be prosecuted in the name of the real party in interest. On the other hand, Rule 17 also considers a party authorized by statute to bring the claim in its own name the real party in interest without joining the party for whose benefit the action is brought. Also, a real party in interest may ratify the action brought by another and thereby render joinder unnecessary.

{24} Nelson claims that Axis is the real party in interest because "Axis is the party who will benefit or be injured" by the judgment. and because "as the only other owner of Alliance, [Axis] is the only party with standing to claim to have been harmed by these alleged wrongful acts." (Reply Br. in Supp. of Pl.'s Mot. for Joinder and Mot. in the Alternative to Dismiss under N.C.R. Civ. P. 12(b)(7) at 2-3).

{25} Georgia's Limited Liability Act, O.C.G.A. § 14-11-202, grants Georgia limited liability companies the same powers as any person to do all things necessary to carry out their purpose, business, and affairs. Alliance, a Georgia LLC, is authorized to sue in its own name. Under Rule 17, Alliance may then bring counterclaims without joining parties who may benefit from the outcome, namely Axis.

{26} Furthermore, Axis has ratified the action of which Nelson complains. Under Rule 17, the real party in interest can "ratify the commencement of a lawsuit . . . by participating in the legal proceedings." *Estate of Tallman v. City of Gastonia*,

200 N.C. App. 13, 23, 682 S.E.2d 428, 434-435 (2009) (citing *Long v. Coble*, 11 N.C. App. 624, 629, 182 S.E.2d 234, 238 (1971)).

{27} Axis's participation in the lawsuit, without challenging Alliance's right to assert the counterclaims, sufficiently ratifies the actions against Nelson regarding his ownership.

## V. CONCLUSION

{28} Accordingly, Nelson's Motion is DENIED.

IT IS SO ORDERED, this July 3, 2012.